UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ERIC MARTIN,

                    Plaintiff,                          Case No. 2:07-cv-183

v.                                          Honorable R. Allan Edgar

PATRICIA CARUSO,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.    Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF).  He has been housed in administrative segregation during most of his time at AMF. Pursuant to MICH. DEP'T OF CORR., Policy Directive 05.02.119 (effective Sept. 19, 2005), as an administrative segregation prisoner, he is not permitted to receive correspondence courses of any type, including religious correspondence courses.  In addition, pursuant to MICH. DEP'T OF CORR., Policy Directive 04.05.120 (effective Mar. 27, 2006), he is not permitted to have a  cassette tape player, cassette tapes, an adapter or headphones.  Plaintiff is a follower of the Wicca religion[1]. Plaintiff claims that the policies regarding correspondence courses and cassette tape equipment restrict his access to religious material in violation of the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb.

Plaintiff brings this suit against the Director of the Michigan Department of Corrections, Patricia Caruso, in her official and personal capacities.  He seeks monetary damages and injunctive relief.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

---

[1]Wicca is a polytheistic faith based on beliefs that prevailed in both the Old World and the New World before Christianity.  *O'Bryan v. Bureau of Prisons* 349 F.3d 399, 400 (7th Cir. 2003) (citing  Phyllis W. Curlott, *Wicca and Nature Spirituality,* in *Sourcebook of the World's Religions* 113 (3d ed.2000; Joel Beversluis, editor)).

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.    <u>Eleventh Amendment immunity</u>

Plaintiff, seeking compensatory damages and injunctive relief, sues Defendant Caruso in her official and personal capacities. Claims against a state agency or an official in her capacity are actually claims against the State, and therefore, are not against a "person" subject to liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State Sch. & Hosp. v. Haldermann,* 465 U.S. 89, 100 (1984). A state and its departments are immune under the Eleventh Amendment if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See id.; Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton,* 24 F.3d 823, 826 (6th Cir.1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan,* 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan,* 803 F.2d 874, 877 (6th Cir.1986). The states' Eleventh Amendment sovereign immunity applies to actions against state officials sued in their official capacity for money damages. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Brandon v. Holt,* 469 U.S. 464, 469 (1985) (noting that official capacity suits represent an action against the entity employing the officer); *Edelman v. Jordan,* 415 U.S. 651, 663

- 3 -

(1974); *Rodgers v. Banks,* 344 F.3d 587, 594 (6th Cir. 2003). Therefore, the Eleventh Amendment

bars Plaintiff's suit for monetary damages against Defendant Caruso in her official capacity.

While the Eleventh Amendment bars suits seeking monetary damages against state

officials, it does not bar suits seeking injunctive or declaratory relief against state officials for

ongoing federal law violations. *Will,* 491 U.S. at 71 n.10; *Kentucky v. Graham,* 473 U.S. 159, 169

n.18 (1985); *Ex parte Young,* 209 U.S. 123, 155-56 (1908) (federal court may enjoin state officials

who violate the federal Constitution). Accordingly, Plaintiff is not precluded from pursuing his claim

for an order directing Defendant Caruso to amend the MDOC policies at issue.

IV.    Religious Freedom Restoration Act

Plaintiff claims that Defendant Caruso violated his rights under the Religious

Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, by signing and enforcing MICH. DEP'T OF

CORR., Policy Directives 05.02.119 and 04.05.120.   In *City of Bourne v. Flores*, 521 U.S. 507

(1997), the Supreme Court struck down RFRA as it applied to the states and their subdivisions,

holding that RFRA exceeded Congress' remedial powers under Section 5 of the Fourteenth

Amendment because RFRA proscribed state conduct that the First Amendment does not itself

proscribe.  *Id.* at 532-36. Accordingly, Plaintiff's RFRA claims must be dismissed.  I have, however,

liberally construed Plaintiff's *pro se* complaint as asserting a claim under the Religious Land Use

and Institutional Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*.  *See Haines*, 404 U.S. at 520.

V.    First Amendment and RLUIPA

While "incarceration brings about the necessary withdrawal or limitation of many

privileges and rights," inmates clearly retain First Amendment protection to freely exercise their

religion, *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987), subject to reasonable restrictions and

- 4 -

limitations related to legitimate penological interests.  *Id*. at 350-53; *accord Turner v. Safley*, 482 U.S. 78, 89 (1987).  First Amendment protection extends to all religious beliefs, and guaranties "religious liberty and equality to the infidel, the atheist, or the adherent of a non-Christian faith . . .").  *County of Allegheny v. ACLU*, 492 U.S. 573, 615 (1989).

To state a free exercise claim, a plaintiff must allege facts from which an inference may be drawn that the government has placed "a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.,* 490 U.S. 680, 699 (1989).  Likewise, RLUIPA provides in pertinent part that, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden . . ." furthers "a compelling governmental interest" and is done so by the least restrictive means.  42 U.S.C. § 2000cc-1(a)(1)-(2).  RLUIPA's institutionalized-persons provision alleviates exceptional government-created burdens on private religious exercise. *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005).

Although RLUIPA does not define "substantial burden", courts apply the traditional substantial burden test, as defined by the Supreme Court's free exercise jurisprudence. *Episcopal Student Found. v. City of Ann Arbor*, 341 F.Supp.2d 691, 701 (E.D. Mich. 2004) (citations omitted).  A "substantial burden" requires something more than an incidental effect on religious exercise. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988) (a substantial burden has "a tendency to coerce individuals into acting contrary to their religious beliefs"); *Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 141 (1987) (there is a substantial burden where a regulation puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs"); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1226-27 (11th Cir. 2004)

(a substantial burden must place more than an inconvenience on religious exercise); *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003) (substantial burden is "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable").

Plaintiff fails to allege facts demonstrating that the restriction on cassette recorders and cassette tapes places a substantial burden on his ability to practice the tenants of his Wiccan faith.  He does not claim that recordings are integral to the study of his faith, or that studying by means of books or other written material is incompatible with the basic beliefs of his religion. Prisoners housed in administrative segregation are permitted access to the prison's general library, Mich. Dep't of Corr., Policy Directive 04.05.120, § U(17), and to possess reading material from their personal collection.  Mich. Dep't of Corr., Policy Directive  04.05.120, § U(21).  Although Plaintiff may prefer to study his religion by means of audio recordings, the facts he has alleged fail to show, or support a reasonable inference, that audio tapes and a cassette player are sufficiently significant to an adherent of the Wicca religion that being denied access imposes a substantial burden on the adherent's ability to freely exercise his religion.[2]  Accordingly, I recommend that Plaintiff's claims under the First Amendment and RLUIPA be dismissed.

---

[2]Under Mich. Dep't of Corr., Policy Directive 04.05.120, § U(26), administrative segregation prisoners are permitted to possess personal property necessary to the practice of their designated religion.  Adherents of Wicca may have one deck of tarot cards and one Celtic cross or pentagram, and Plaintiff does not allege that he is being deprived of these items.  Mich. Dep't of Corr., Policy Directive 05.03.150A (effective Sept. 20, 2007).  Nor does he allege that he is prohibited from participating in group services for the authorized eight annual Sabbats.  *Id*.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 9, 2008


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).